sion of a fraud previously committed, and for which a cause of action had already accrued. Oothout v. Thompson, 20 Johns. 277. The action is concededly for a tort, not upon the contract to marry. Therefore a new promise, or an acknowledgment of the promise to marry, though made within six years before the commencement of this action, cannot avail the plaintiff. In the case of tort, either a new promise or acknowledgment within six years does not take the case out of the statute of limitations. Oothout v. Thompson, 20 Johns. 277. Besides, a new promise or acknowledgment within six years before the commencement of the action, to be available, must be in writing. Code Civ. Proc. § 395. There is no evidence of such a promise or acknowledgment. The letters offered in evidence for the plaintiff contain none. The burden of proving that the action was not within the statute of limitations was upon the plaintiff. Bailey, Onus Probandi, 599; Abb. Tr. Ev. 822. Hereof she failed. The defendant's plea that the cause of action did not accrue within ten years before the commencement of the action sufficiently set forth a bar from the lapse of six years. "Omne majus continet in se minus." Broom, Leg. Max. (8th Am. Ed.) 173. Besides, an amendment of the answer is permissible, since it does not appear that the plaintiff is thereby taken by surprise. Code Civ. Proc. § 723.

The motion to dismiss was therefore granted, but the plaintiff was permitted to withdraw a juror, and apply to special term for such amendment of her complaint as she might be advised.

<hr>

(13 App. Div. 177.)

McGRANE v. FLUSHING & C. P. ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department.    January 19, 1897.)

STREET RAILROADS—COLLISION WITH VEHICLE—NEGLIGENCE.

Negligence and contributory negligence are questions for the jury, where defendant's electric car by which plaintiff was struck was not in sight until after plaintiff had turned his wagon across the car track in order to drive into his employer's yard as soon as the gate could be opened, from which position he could not move the wagon after the car came in sight, and the car could have been stopped, after the motorman saw the wagon on the track, in time to have avoided the collision.

Appeal from trial term, Queens county.

Action by James McGrane against the Flushing & College Point Electric Railway Company to recover for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Eugene L. Bushe, for appellant.
Samuel Campbell, for respondent.

BRADLEY, J. The purpose of the action was to recover damages for personal injuries alleged to have been inflicted on the

plaintiff by the negligence of the defendant. The plaintiff was engaged in driving the brewery wagon or truck of the Mutual Brewing Company. The premises of that company fronted on Second avenue, between Tenth and Eleventh streets, in the village of College Point. In the evening of October 31, 1895, the plaintiff, returning from the city of New York, where he had taken a load of ale, entered upon the avenue at Ninth street, and drove upon the defendant's railroad track, on the avenue, until he came about opposite to the place for entrance into the brewery premises. He turned his horses to enter, and, as the gate was closed, he called to a person in the yard to open it. His evidence is that such person at once responded, and proceeded to the gate to open it, but that before it was done, to enable him to drive in, the defendant's car came along, and struck the wagon on which he was sitting, holding the lines. By the collision the wagon and horses were suddenly knocked from their position, and the plaintiff was thrown from the wagon and under the car, and received injuries. The plaintiff testified that he could not turn to go into the brewery premises without having the wagon on the railroad track, and that, when he had turned the horses to the gate and stopped, he first saw the car coming out of Thirteenth street into Second avenue, and that the wagon was then standing across the track, where it remained until the accident occurred. It took place about 8 o'clock in the evening. The opportunity of seeing much distance was dependent upon artificial light. It appears that there was a headlight on the car, and that there were lighted lamps at the corners of Tenth and Eleventh streets, on the avenue. The motorman testified that, when he first saw the wagon, it was moving towards the place from which the car was coming, 75 or 80 feet distant from him, that he stopped the car at Eleventh street, and that when he started up the car the wagon was standing across the track. The evidence of the motorman that he saw the wagon moving towards him is in conflict with that of the plaintiff, to the effect that the wagon could not have been seen from the car until it had stopped across the railroad track. If such was the fact, the motorman did not see the wagon until then. Another witness testified that he was on the car, and saw the wagon before the car reached it; that after it struck the wagon he was out on the platform, and observed that the power was on in full force; that he turned it off, and that he saw no attempt to pull down the trolley pole; and that up to the time of the accident the car was going rapidly.

The question whether the plaintiff was free from contributory negligence, as well as whether the defendant's negligence was established, was a question of fact for the jury. The plaintiff was legitimately on the street, seeking to enter into the place of his destination. The jury were permitted to find that he had reached the place where the wagon was struck before he could see the approaching car, and that he could not well move from there until the gate was opened; that, when he saw the car coming, he hallooed repeatedly to the motorman; and that he had some reason

to suppose that the car would be stopped in time to avoid collision. And as the conclusion is warranted by the evidence that the wagon standing on the track could, and by the exercise of reasonable care would, have been seen from the car in time to have stopped it before reaching the place where the wagon was, the jury were permitted to find that the injury of the plaintiff was attributable solely to the negligence of the defendant. There was no error to the prejudice of the defendant in any of the rulings at the trial.

The judgment and order should be affirmed. All concur.