against creditors was a question of fact for the referee, which he has determined in favor of the defendants. The facts found by the referee are sufficient to sustain his conclusions of law, and, as there is no certificate that this case contains all the evidence, the findings of fact cannot be reviewed by this court; and it follows that the judgment must be affirmed, with costs.

McCONE, Appellant, v. GALLAGHER, Respondent. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Alexander C. McCone against Patrick Gallagher.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by the plaintiff, a workman employed by the defendant, through his negligence in furnishing an improper scaffold for the plaintiff to work upon. The case was tried and judgment was entered on the 7th of November, 1895, dismissing the complaint. On the 28th of March, 1896, the case was settled, and consisted of about 153 folios. The time to file the case under the rules —such time having been extended by defendant's attorney—expired on the 20th of April. A few days prior to the 15th of May the plaintiff's attorney applied to the defendant's attorney to open his default in failing to file the case within the time fixed by the rule, which was denied, and he was then informed that the defendant's attorney intended to move to dismiss the appeal because of his default. On the 18th of May the plaintiff's attorney applied to Judge Bookstaver, ex parte (knowing that he was in default and had no right to the order) for an order directing the case to be filed, which order was granted, although the plaintiff had been in default 28 days. On the 19th of May the plaintiff served upon the defendant's attorney 3 copies of the printed case, and on the 20th filed with the clerk of this court 15 or 16 copies. On the 19th of May the defendant's attorney served notice of motion to dismiss the appeal for failure to print and file the papers, and on the 20th of May returned the printed copies served upon him. On the 21st of May the plaintiff's attorney obtained an order to show cause, returnable May 25th, why his default in filing the case should not be opened. The motion to dismiss the appeal being made in this court, the papers were held until this motion to open the default was disposed of; but, it not having been disposed of in June, the motion to dismiss was granted, and an order entered. It is now asserted in the papers on the present motion that the court below held the motion to open the default until the decision of the motion to dismiss the appeal. Relief might very well have been granted, upon terms, to the plaintiff's attorney, had it not been for the fact of his imposition upon Judge Bookstaver in obtaining the order to file the case when he knew that he was in default. It does not seem to me that such practice can be countenanced, inasmuch as it appears upon the papers that it was done with deliberation, and with full knowledge that the attorney had no right whatever to the order. It may be urged that the fault of the attorney should not be imputed to the client. But it is difficult to see how frauds practiced upon courts can be prevented if no risk of jeopardizing his client's in-

terest is run by the attorney, in getting that to which he knows he is not entitled. I am of opinion, therefore, that the motion should be denied.

On December 1, 1896, the following order was made by Mr. Justice VAN BRUNT on a motion to renew the application: "Ordered, that said motion be, and the same hereby is, granted, and the order made and entered herein on the 10th day of July, 1896, dismissing plaintiff's appeal, be and is vacated, upon the payment of $20 costs by the plaintiff to the defendant or his attorney; and in case the plaintiff (appellant) move before the special term of this court, within ten days from the entry of this order, to open his default in failing to have his case on appeal herein, as settled by the trial justice, signed, and ordered on file, within the time prescribed by the general rules of practice. And it is further ordered that the plaintiff's (appellant's) alleged case on appeal herein, signed by Hon. H. W. Bookstaver, the trial justice, on the 18th day of May, 1896, be stricken from the files of this court, and from the files of the clerk of the city and county of New York; and the clerk of the appellate division and the clerk of the city and county of New York are hereby directed to strike the alleged case on appeal herein from the files accordingly."

McCRANE, Respondent, v. FLUSHING & COLLEGE POINT ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 9, 1897.) Action by James McCrane against the Flushing & College Point Electric Railway Company. No opinion. Motion for reargument and motion for leave to appeal to the court of appeals denied. See 43 N. Y. Supp. 385.

McGRAW, Appellant, v. FISKE, Respondent. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by Thomas H. McGraw against Daniel W. Fiske. A. B. Fletcher, for appellant. I. A. Place, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

McHALE, Respondent, v. FIDELITY & CASUALTY CO., Appellant. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by John McHale against the Fidelity & Casualty Company. No opinion. Motion denied, with $10 costs. See 43 N. Y. Supp. 894.

MacRAE v. GRAHAM. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by Charles MacRae against Charles W. Graham. No opinion. Motion to amend notice of appeal granted, upon payment of $10 costs to the respondent.

MAGUIRE, Appellant, v. DREHER, Respondent. (Supreme Court, Appellate Division, Second Department. March 19, 1897.) Action by Charles E. Maguire against Christian W. C. Dreher. No opinion. Motion denied.

MAGUIRE, Appellant, v. DREHER, Respondent. (Supreme Court, Appellate Division,