## BLACK v. STATEN ISLAND ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

STREET RAILROADS—COLLISION—NEGLIGENCE.

>Plaintiff stopped his delivery wagon in a street, supposing that he was clear of a street-railway track. When within 100 feet of his destination, he looked behind for an approaching car, but did not discover any. It was dark, but he could see the headlight of a car about 300 feet. Where he stopped, the curb was about six feet from the rail. The wagon was about four feet wide, and there was some overhang to the car. Plaintiff, on stopping, stooped to get his packages, when he was struck. *Held,* that whether he was negligent in failing to look back for a car just at the time he stopped, and to make the necessary observation to see that he was clear of the track, were questions for the jury.

Appeal from trial term, Kings county.

Action by Lucien Black against Staten Island Electric Railroad Company to recover damages for personal injuries. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry K. Davis, for appellant.
James C. Cropsey, for respondent.

HATCH, J. The plaintiff was employed as the driver of a grocery wagon at Ft. Richmond, Staten Island. On the 22d day of February, 1897, while in such employ, he drove the wagon for the purpose of the delivery of groceries to a customer living upon Richmond terrace. To reach such point he drove along Richmond terrace in the car tracks of the defendant's railroad, which are situated upon said street for the distance of about a mile. When he came to within about 100 feet of his destination, he looked behind, but could discover no approaching car, and he testifies that no car was then in sight. It was about 8 o'clock in the evening, somewhat dark and misty, but the evidence tended to establish that he could see the headlight of a car for a distance of about 300 feet. The street at this point, from the curb to the first rail of the track, was 6 feet and 6 inches. The wagon which the plaintiff was driving was 4 feet and 8 inches in width, and the axle was 10 inches longer, while the hub projected beyond the axle, but the distance is not given. The evidence also established that there was some overhang to the car, but the extent of such overhang is not stated. The plaintiff drove to a point opposite where he was to deliver the groceries, turned from the track upon which he had been driving, hung up his lines on a hook in the wagon used for that purpose, and stooped down to pick up the packages he was to deliver, when the car, approaching upon defendant's track from the rear, struck the wagon, threw the plaintiff out, and inflicted the injuries of which complaint is made. The plaintiff states that, when he drove in front of the premises, he supposed that he was clear of the track, but did not look to see, and that he felt perfectly safe in the place he then occupied. The motorman

of the car testified that the hind wheel of the wagon was over the track for a distance of about three inches. The main contention upon the part of the defendant is that the plaintiff was guilty of contributory negligence in failing to look back and observe the approach of the car, and also in failing to make such observation as was necessary to make sure that he was clear of defendant's track sufficiently far to enable a car to pass without coming in contact with the wagon.

So far as the first proposition is concerned, we think that the jury were authorized to find that the plaintiff made such observations as a prudent person would ordinarily make under the circumstances, to discover whether any car was approaching, and therefore acquit him of negligence in this regard. He had made some effort to discover whether a car was approaching, and whether he exercised reasonable care in that regard was a question for the jury. Johnson v. Railroad Co., 34 App. Div. 271, 54 N. Y. Supp. 547.

Upon the other question the case is somewhat closer, but yet we think the evidence presented a question for the jury in that regard. It is to be borne in mind that, while the right of the railroad company to have its cars move over its tracks is paramount to the right of use by the public, yet such rule is not an absolute one in all cases. The railroad company has no paramount right of use, as against persons having occasion to make use of the street for proper purposes. People with vehicles, engaged in the delivery of merchandise, upon a street occupied by a railroad, have an equal right with such railroad company to occupy the street, for a reasonable time, to insure such delivery, even though it prevents, for the time being, the operation of the cars thereon. Where a street is so narrow that a vehicle may not be stopped upon it for the purpose of delivery of merchandise without obstructing the tracks of the railroad company, such persons have the right of reasonable use, for the purposes of their business, equal with the railroad company; otherwise, it might well be that the street could not be capable of use by any one with vehicles, save the railroad company. Under such circumstances, we think their rights are equal, and that one may not exclude the other. In the present case, the plaintiff was lawfully using the street for the purpose of delivering his commodity; and if, in the accomplishment of such purpose, it became necessary to obstruct the railroad track, the defendant was required to yield to such necessity, and give the plaintiff reasonable opportunity for such delivery. It is by no means clear that the street, at the point where this accident happened, was wide enough to admit of the vehicle standing between the curb and the rail and permit the car to pass. And if it were, and the plaintiff had exercised reasonable care in looking for the approach of a car, he had the right to stop for a time necessary to make delivery of his goods; and it was for the jury to say whether, in view of the width of the street, and of the space between the rail and the curb, the observation which the plaintiff made for the approach of the car was such care as a person in the exercise of ordinary prudence would have taken. The defendant was chargeable, equally with the plaintiff, with knowledge of the space between the curb and the

rail; and in the operation of its cars upon such street it was re-
quired to exercise due care in passing vehicles thereon, and not to
so operate them as to come in contact with such vehicles; and if it
could not pass a vehicle standing upon the street, or if the vehicle
was necessarily upon the track, then the obligation of the defendant
required it to suspend operations for the time necessary to enable
the person so standing to make delivery of his merchandise. Tak-
ing into consideration the width of the space between the rail
and the curb, the width of the plaintiff's vehicle, the overhang of
the car, and the obligation of each to the other, we are unable
to say that the plaintiff is guilty of contributory negligence, as
matter of law, in permitting his vehicle to come to rest at the time
and under the circumstances disclosed by the evidence. On the con-
trary, we think such question was one of fact, and was properly
submitted to the jury. McGrane v. Railway Co., 13 App. Div. 177,
43 N. Y. Supp. 385. Nothing in the case of Spaulding v. Jarvis,
32 Hun, 621, conflicts with this view. In that case, there was abund-
ance of room for the plaintiff to have driven clear of the track, and
his standing so close to it as to permit of the car coming in contact
with his vehicle was held to be contributory negligence. Here, the
circumstances are entirely different, as we have already observed.
It follows that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.