OSCAR JOHNSON, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

*Negligence — the driver of a wagon on the tracks of an electric railroad injured by a collision with a car approaching from the rear — his failure to look back constitutes contributory negligence.*

The driver of a market wagon, while driving on a dark evening through a suburban district on the track of an electric railroad with which and with the operation of the cars thereon he was familiar, was overtaken by one of the cars at a point where there were no artificial lights with the exception of two or three about a neighboring building, and where the roadway outside the tracks was too narrow to permit of driving, and in the collision he was thrown from his seat and injured. Although he had been driving on the tracks for a mile or more he had not once looked behind him, and the first intimation that he had of the approach of the car was some one calling to him from behind to get out of the way, and while attempting to turn his team into the other track he was struck.

In an action brought to recover for the injuries thus sustained,

*Held,* that the plaintiff had failed to establish the absence of contributory negligence on his part, and was not entitled to recover;

That, while the railroad company owed to the plaintiff the duty of using reasonable care in the operation of its cars to prevent a collision, the plaintiff could not enter upon the tracks of the defendant and rely upon the defendant's servants seeing him in time to give him warning of the approach of a car.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 22d day of April, 1898, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on the 13th day of May, 1898, denying the defendant's motion for a new trial made upon the minutes.

*John L. Wells,* for the appellant.

*Samuel D. Morris,* for the respondent.

WOODWARD, J.:

The plaintiff in this action was employed as a driver on a market wagon. On the 8th day of January, 1897, he was returning to the home of his employer in the town of Newtown, Queens county, and was passing over Corona avenue, through which the double-track street surface railroad of the defendant company is operated, by means of electricity, using the overhead trolley system. Between the

hours of seven and eight o'clock in the evening the plaintiff, accepting his testimony, entered upon the tracks of the defendant company and drove along the right-hand track a distance of a mile or more, and when at a point near the intersection of Myrtle avenue with Corona avenue, he was overtaken by one of the cars of the defendant, and was thrown from his seat, sustaining the injuries for which he now seeks recovery.

The plaintiff testifies that the first intimation he had of the approach of the car was when he heard some one behind him calling to him to get out of the way. He looked out through the small glass in the rear of the covering over his head, at the same time drawing his team to the left, intending to throw them into the other track, but before the wagon had cleared the track it was struck by the advancing car, with the result above set forth. It was in evidence that the night was dark, and that at the location of the accident there were no artificial lights, with the exception of two or three upon the porch or in the immediate neighborhood of a small saloon or hotel, and that the roadway, outside of the tracks of the railroad, was too narrow to permit of driving. The plaintiff also testified that he was familiar with this part of the roadway; that he had traveled it for a period of thirty days on every day except Sundays, and was familiar with the operation of the cars over the line.

Defendant's counsel, at the close of plaintiff's case, and again at the close of the evidence, moved to dismiss the complaint on the ground that the plaintiff had failed to show absence of contributory negligence, and we are asked to consider the exception taken on this appeal.

We are of opinion that this motion should have been granted; that the plaintiff had utterly failed to establish by the evidence presented that lack of contributory negligence which he was bound to do in order to maintain his action. There was absolutely no evidence, so far as we are able to discover, that the plaintiff was not guilty of contributory negligence; no evidence of the exercise of any degree of care to guard against the danger which, according to his own testimony, was known to him by reason of his familiarity with the roadway and the method of operating the cars of the defendant at this point. It did not appear that the plaintiff, who had been

driving upon the track for a distance of a mile or more, had once looked back, or that he had listened for evidences of the approach of a car, or that he had done any of those things which a reasonably prudent man would or ought to have done under the same circumstances. There are no presumptions in favor of the plaintiff. The law imposes upon him the burden of proving by a fair preponderance of evidence, not alone that the defendant has been guilty of negligence resulting in the injury, but that the plaintiff has been free from negligence contributing to the accident; and where there is no evidence of the exercise of any degree of care on the part of the plaintiff, and when there are no circumstances from which such an inference may be fairly drawn, there is clearly no question for the jury.

"It is the well-settled law of this State," say the court in the case of *Whalen* v. *Citizens' Gas Light Co.* (151 N. Y. 70), "that, in actions of this character, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, and that no presumption of freedom from such negligence arises from the mere happening of an injury;" and in the case of *Weston* v. *City of Troy* (139 N. Y. 281) it is said that "The presumption which a wayfarer may indulge, that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious."

In the case at bar the plaintiff is shown to have been familiar with the roadway and with the method of operating the cars upon the line of the defendant's street railroad; and the fact that there was no room for him to drive outside of the double tracks of the defendant imposed upon the plaintiff, in common with the defendant, the duty of exercising a higher degree of care than would have been necessary under less dangerous circumstances. The danger was both known and obvious; and while the defendant owed the plaintiff the duty of using reasonable care in the operation of its cars to prevent the collision, the plaintiff could not enter upon the tracks of the defendant and rely wholly upon the defendant's servants seeing him in time to give warning. He was in a situation of danger; he was occupying the tracks of the defendant subject to the paramount right of the latter, to whom he owed the duty of

using reasonable care, not only to avoid collisions, but to keep out of the way and allow the cars to pass without unnecessarily impeding their progress; and, an accident happening to the plaintiff under these circumstances, he is bound to show affirmatively that he was exercising that reasonable care which the known and obvious dangers of his situation demanded.

"It is true that the want of negligence," say the court in the case of _Wiwirowski_ v. _L. S. & M. S. R. Co._ (124 N. Y. 420), "may be established from inferences which may be properly drawn from the surrounding facts and circumstances, as in the case of _Galvin_ v. _Mayor, etc._ (112 N. Y. 223). But such inference cannot be drawn from a presumption that a person will exercise care and prudence in regard to his own life and safety, for the reason that human experience is to the effect that persons exposed to danger will frequently forego the ordinary precautions of safety. And when the circumstances point as much to the negligence of the deceased as to its absence, or point in neither direction, a nonsuit should be granted."

In the case at bar the circumstances cannot be said to point to the reasonable inference that the plaintiff was free from contributory negligence. He was driving upon the tracks of a street surface railway operated by electricity. He was in a suburban community, where the cars were operated at a high rate of speed, and he was familiar with this fact. He was on the line of track where all of the cars must approach him from the rear, and he was passing down a grade where it was more difficult to stop a car than would have been the case on level ground, or where the grade was running the other way. Clearly, there could be nothing in this state of facts from which a jury might reasonably infer that the plaintiff was free from contributory negligence, and, in the absence of direct evidence upon this point, there was nothing before the jury on which to find a verdict in favor of the plaintiff, and the motion of the defendant's counsel for a nonsuit should have been granted. (_Caven_ v. _City of Troy_, 52 N. Y. Supp. 804; _Jencks_ v. _Lehigh Val. R. Co._, 53 id. 625.)

The judgment and order appealed from should be reversed.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.