law merchant that negotiable paper of any kind shall have unrestricted circulation, and that persons acquiring it in good faith may do so in safety without the liability of having their rights questioned, an exception in favor of all negotiable instruments was ingrafted early on the rule that no one can acquire a title to a chattel personal from a man who has himself no title to it ("Nemo dat quod non habet"). The plaintiff was therefore entitled to have it stated in the judgment that the defendant was subject to arrest and imprisonment (Consol. Act, § 1386), and the judgment must be reversed. Searing v. Goodstein, 11 Daly, 236.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(28 Misc. Rep. 532.)

### BRYANT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    July 26, 1899.)

STREET RAILROADS—INJURY ON TRACK.

> Plaintiff drove on a street-car track, of necessity, but voluntarily continued thereon after he could have driven on the side. He did not endeavor to ascertain whether a car was approaching. He did not prove how far distant the car was when he went on the track or when he attempted to leave the track. *Held*, that plaintiff was negligent, and cannot recover.

Appeal from municipal court, borough of Manhattan, Third district.

Action by James C. Bryant against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.

Thomas F. Byrne, for respondent.

FREEDMAN, P. J.   This action was brought to recover for injuries to personal property sustained by the plaintiff through the alleged negligence of the defendant in permitting one of its cars to collide with the plaintiff's wagon while crossing the defendant's tracks on Sixth avenue. The testimony in the case shows that the plaintiff left his stables in Fifty-Sixth street, between Sixth and Seventh avenues, and drove to the intersection of that street with Sixth avenue on his way downtown. Two carriages were standing at the corner, which prevented the plaintiff from driving between the westerly track and the curb, and the plaintiff therefore drove upon the car track, and continued thereon until near the middle of the block, when he turned from the track towards the west, and when the front wheels of his wagon were off the track the hind wheels were struck by a downtown car, and the injuries complained of resulted from such collision. The above statement contains all the testimony on the part of the plaintiff as to the occurrence. It does not appear, although it may be said, that the plaintiff was compelled to go upon the defendant's tracks at the point where he first went upon Sixth

avenue, or that he was compelled to remain in that situation, and it does appear that he voluntarily continued to occupy the dangerous position he had assumed until he was near the middle of the block. At no time did he endeavor in any way to ascertain whether there was a car approaching, nor does it appear from any testimony produced by him how far distant the car was, either at the time he went upon the track or at the time he attempted to leave it. He relied entirely upon the vigilance of the motorman of the car to avoid being struck. This does not show freedom from contributory negligence on his part. Johnson v. Railroad Co., 34 App. Div. 271, 54 N. Y. Supp. 547.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.