the object of issuing this power of attorney was to "make it easier for him to manage my real estate." "She evidently intended to seal the instrument," say the court in Barnard v. Gantz, 140 N. Y. 249, 258, 35 N. E. 433; "and, where that intention is manifest upon the paper itself, a court of equity will assume that it is sealed, or grant the same relief as though a common-law seal was attached. Town of Solon v. Williamsburgh Sav. Bank, 114 N. Y. 134, 21 N. E. 168." In Tallmadge v. Bank, 2 Duer, 614, a very learned court held that a parol agreement, partly executed, not appearing in the deed, made by a grantee, not to build out to the street on the land conveyed to him, was so far binding upon those holding under him that they would be restrained from violating the agreement; and this was approved by the court on appeal. Id., 26 N. Y. 105. See, also, Hubbard v. Matthews, 54 N. Y. 43. If a parol agreement could thus operate to create an "incorporeal freehold interest" in the lands of a grantee, when there was no evidence to show that he was benefited by the agreement, we are unable to conceive of any reason why a court of equity should interfere, under the circumstances of this case, to grant the plaintiff relief from the obligations of a contract under which she has been benefited, and which would operate to give her an inequitable advantage over one who has acted in good faith in the premises, and expended his money in improvements which are mutually advantageous. We do not deem it necessary to pass upon the meaning of the word "receive," contained in the power of attorney. The terms of that instrument are sufficiently broad and comprehensive to sustain the position of the defendant, without resort to the particular clause containing that word.

The judgment should be affirmed, with costs. All concur.

---

ZINGREBE v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. REVIEW—INSTRUCTIONS—HARMLESS ERROR.
 Where plaintiff's counsel asked the court to modify an erroneous instruction in accordance with the law, on objection by defendant, and the court indicated its willingness to do so, and defendant offered no further objection, but asked the court to make certain specific charges, which clearly corrected the same, which was done, the error therein was cured.

2. SAME—OBJECTION NOT MADE BELOW.
 An objection to an instruction comes too late on appeal.

Appeal from trial term, Kings county.

Action by Annie Zingrebe against the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert R. Limburger (Henry L. Scheuerman, on the brief), for appellant.

Charles J. Patterson, for respondent.

60 N.Y.S.—58

WOODWARD, J. This is an action for personal damages, and it is conceded that there was evidence of negligence on the part of the defendant sufficient to take the case to the jury. Exceptions to the charge of the trial court and to the admission of evidence are urged upon this appeal. The plaintiff was riding as a guest in a two-seated surrey, and was injured by a car of the defendant colliding with the vehicle at the intersection of 170th street and 3d avenue, in the borough of Manhattan.

The learned trial court, in its charge to the jury, said:

"A person is chargeable, too, as a matter of negligence, with the omission to observe obvious dangers. If by looking he could have seen, and if by listening he could have heard, things which would have enabled him to have avoided danger, or to have prevented accident and injury, it is negligence to have disregarded those precautions. A failure to look, a failure to listen, under those circumstances, would constitute negligence."

There can be no question that this is error, and it was duly called to the attention of the court by the defendant's counsel, who excepted to "that portion of your honor's charge that a person is charged with omission, if by looking he could have seen, or by listening he could have observed, and did not do that, a failure to do so would be negligence." The question which we are called upon to decide is whether that error was cured by what subsequently took place. Counsel for the plaintiff, recognizing the error, asked the court to "modify that by saying if, by the use or exercise of ordinary care in listening or looking, he could have discovered." To this the learned court replied, "It was all stated in that connection." The counsel for plaintiff then responded: "You did not say it. You said, if he could have seen. I thought at the time it was open to objection." The matter dropped at this point, without any further exception on the part of the defendant. Subsequently, at the request of defendant's attorney, the court charged:

"I charge you that, under the circumstances of this case, the only question of negligence in this case is whether or not the motorman, after he knew, or ought to have known, that the driver of the surrey was coming upon the south-bound track, exercised ordinary care and caution to avert the accident."

And again he charged that:

"If the motorman of this car, acting with ordinary care, had reason to believe that the driver of the surrey was not going upon the track upon which the car was proceeding, he had a right to permit his car to travel upon that track, and was not bound to stop or slacken his speed until, by the exercise of ordinary care, it should have become apparent to him that the driver intended to proceed upon the south-bound track."

It seems clear to us that there could have been no misunderstanding of the law, under the circumstances here developed. Plaintiff's counsel asked the court to modify its statement in accordance with the law. The court indicated a willingness to acquiesce in the statement of the law thus indicated, and defendant offered no further objection, but proceeded to ask the court to make certain specific charges, in which the duty of the defendant was clearly stated. We conclude that the error was cured, and that the de-

fendant could not have been prejudiced by this portion of the charge. People v. Stone, 117 N. Y. 480, 23 N. E. 13.

The learned court charged:

"You will bear in mind that in meeting at these intersecting crossings, or approaching them, it is the duty of both parties to be vigilant, and to see to it that no injury or accident occurs which, as I have stated, could be avoided under the exercise of this rule of ordinary care. The one driving forward, who first reaches the point of intersection, has the right of way,—he has the precedence; and the other person approaching, but not yet having reached that point of intersection, must restrain the movement of his vehicle, whether it be a car or be a carriage, until the one who has gained the precedence in this way has safely passed over."

Defendant's counsel called the attention of the court to this portion of the charge by an exception—

"To that portion of your honor's charge referring to the right of way. To that portion of your honor's charge reading somewhat as follows. I do not assume to quote your honor's language exactly— The Court: Do the best you can. Counsel: 'Therefore you will bear in mind that, in approaching the crossing, it was the duty to be vigilant, and see that no accident occurred.'"

Counsel for plaintiff asked the court to modify that by saying that "it was the duty to use reasonable care,—to be vigilant." To this the court assented, and the defendant excepted, but without calling the attention of the court to anything further in the language to which he objected. We are of opinion, therefore, that it is now too late to urge objections to that portion of the charge which undertook to define the rights of parties at a street intersection; and it is reasonably certain, under the subsequent specific charges, that the jury did not retire with any mistaken ideas as to the law governing this case. We do not, however, desire to be understood as approving of the law as laid down by the learned court in the original charge to the jury in respect to this question. The authorities cited by the defendant in support of the contention that the court erred in receiving the evidence of plaintiff's attending physician do not warrant that conclusion.

The judgment appealed from should be affirmed, with costs. All concur.