The collector had no authority to indorse the plaintiffs' name as indorsers on the check, and the payment to him is no defense to the defendant. Robinson v. Bank, 86 N. Y. 404; Schmidt v. Bank, 64 Hun, 298, 19 N. Y. Supp. 252, affirmed in 138 N. Y. 631, 33 N. E. 1084; People v. Bank of North America, 75 N. Y. 548; Morgan v. Bank, 11 N. Y. 404; Welsh v. Bank, 73 N. Y. 424; Bank of British North America v. Merchants' Nat. Bank, 91 N. Y. 106; Shipman v. Bank, 126 N. Y. 318, 27 N. E. 371, 12 L. R. A. 791. The circumstance that on a previous occasion, when the collector presented a check to the defendant bearing the forged indorsement of the plaintiffs, the drawers of the check introduced the collector as a person authorized to receive the money on that check, does not furnish any defense here. The payment of the prior check was no doubt a valid one against the drawers thereof, as by their authority, on the principle of equitable estoppel. But this does not so operate as to the check in suit, which was given subsequently. There is no evidence that the drawers of the prior check knew that the indorsement thereon had been forged, nor has it even been suggested that the drawers were in complicity with the forger; and the mere circumstance that the drawers had by their conduct estopped themselves as to that particular check does not imply that they were to be similarly estopped as to subsequent checks respecting which they assumed no such responsibility. It follows that the plaintiffs are entitled to judgment.

---

(47 App. Div. 500.)

SCHILLING v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. February 2, 1900.)

1. STREET RAILWAYS—INJURIES—CONTRIBUTORY NEGLIGENCE.

Where a driver looked both ways before driving onto a city street on which a street railway was operated, to ascertain whether cars were approaching, he was not guilty of contributory negligence, as a matter of law, in not again looking behind him to ascertain the approach of cars during the time necessary to drive one block.

2. SAME—NEGLIGENCE OF COMPANY—QUESTION FOR JURY.

Plaintiff drove into a city street on which a street railway was operated from a cross street, in the daytime, and before driving on the tracks looked in both directions for the approach of cars, and then continued his course down the track. He had driven one block from where he entered the street, when the wagon was struck from behind at a street crossing, and he was thrown out and injured. *Held*, that the negligence of the company was a question for the jury, and hence it was error to direct a verdict in favor of defendant at the close of plaintiff's evidence.

Appeal from trial term, New York county.

Action by Michael Schilling against the Metropolitan Street-Railway Company. From a judgment in favor of defendant dismissing plaintiff's complaint at the close of the evidence, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Leon Sanders, for appellant.

Charles F. Brown (Henry A. Robinson, on the brief), for respondent.

WOODWARD, J. A motion for a nonsuit was granted at the close of plaintiff's evidence, and in the consideration of this appeal we are to give the plaintiff the benefit of the most favorable inference deducible from the evidence. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. The facts established by the plaintiff's evidence under this rule appear to us to constitute a cause of action, and the questions should have been submitted to the jury. The action is one for damages for injuries sustained by the plaintiff by reason of a rear-end collision, a car of the defendant running into the wagon driven by the plaintiff upon the tracks of the former. According to the testimony, plaintiff was engaged in delivering goods in a covered wagon, and was driving through Lexington avenue about 1 o'clock in the afternoon of the 27th day of February, 1896. He had come from Eleventh avenue through Fifty-Third street, and before entering upon the tracks of the defendant had looked in both directions, and, seeing no car, had turned his team to the south, intending to go down the avenue two blocks to Fifty-First street. The evidence does not disclose whether it was necessary for the plaintiff to be upon the track of the defendant, but it is certain that he had a right to be there, subject only to the paramount right of the defendant to a free use of its tracks, which does not amount to a license to run down everything which momentarily obstructs its way. The plaintiff, at the time of the accident, was sitting upon a seat upon the forward end of the wagon, with his feet upon the dashboard in front of him, driving slowly, and when at the intersection of Fifty-Second street,—one block from the point where he entered upon the tracks of the defendant,—after looking in both directions, his wagon was struck from behind by a car of the defendant, and he was thrown to the ground, receiving the injuries for which he seeks recovery. This accident occurred in broad daylight. The plaintiff had good eyesight, and his hearing had not been impaired. He had taken the precaution to look out for an approaching car on entering upon the tracks, and it cannot be said as a matter of law that he was guilty of contributory negligence in not looking behind him during the time that it would take to drive a single block, or that it was not negligence on the part of the defendant to run him down. Both parties were charged with the duty of exercising reasonable care, and it was for the jury, taking all of the facts and surroundings into consideration, to determine whether the plaintiff had sustained the burden of proof which the law demands in cases of this character. The defendant relies upon Adolph v. Railroad Co., 76 N. Y. 530; Johnson v. Railroad Co., 34 App. Div. 271, 54 N. Y. Supp. 547; Bossert v. Railroad Co., 40 App. Div. 144, 57 N. Y. Supp. 896; Quinn v. Railroad Co., 40 App. Div. 608, 57 N. Y. Supp. 544. But we are of opinion that none of these cases sustain the position that, under the circumstances of the case at bar, it would be proper to take the case from the jury, and dispose of it as a matter of law. The Adolph Case is no longer regarded as authority, except as it has been modified by subsequent decisions (Fishbach v. Railway Co., 11 App. Div. 152, 42 N. Y. Supp. 883), and the facts are materially different from those in the Johnson Case, where the accident occurred in a rural portion of Brooklyn, on

a dark night, with practically no artificial lights, and it appeared from the evidence that the plaintiff had driven a mile or more without taking any precautions whatever to guard against accidents. We fail to discover in the Bossert Case anything which would help the defendant. In that case the question of negligence and of contributory negligence was submitted to the jury, and the court sustained the verdict in favor of the plaintiff, although it was in evidence that the defendant actually gave warning to the plaintiff, who failed to get out of the way in time to avoid the accident. In the case at bar, so far as appears, there was no warning whatever, though the accident occurred in broad daylight, when the motorman, in the exercise of reasonable care, must have been able to have seen the plaintiff's wagon in time to have avoided the accident, particularly as the collision occurred at a street intersection, where it was the duty of the defendant's motorman to have the car under control to avoid danger to persons crossing the tracks. We are equally clear that the Quinn Case does not support the judgment in the case at bar. That was an accident in the early morning hours, and the evidence affirmatively shows contributory negligence on the part of the plaintiff.

It is hardly profitable at this time to review the decisions upon the question of negligence. Each case, of necessity, must depend to a considerable extent upon its own peculiar circumstances; and the general rules have been so often stated that a reiteration can be of no service at this time. Where there is evidence from which the jury may properly conclude that the defendant has been guilty of negligence resulting in injury to the plaintiff, and where there are facts from which the jury may reasonably infer that the plaintiff has not been guilty of negligence contributing to the accident, the question should be submitted to the jury; and we are of opinion that in the case at bar the evidence of the plaintiff was sufficient to justify a submission. The conduct of the defendant, unexplained, in running into the plaintiff from the rear, in broad daylight, at a street intersection, was sufficient to justify the jury in finding that the defendant was guilty of negligence; and it was proper that the jury should determine whether the plaintiff, after looking in both directions, was guilty of contributory negligence in driving one block without looking back to see if a car was approaching, and whether he was justified in assuming, under the circumstances, that the defendant would give him warning in time to allow him to get out of the way.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.