## SEIFTER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. STREET RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate was driving along the street in the daytime, in a covered business wagon, the rear end of which was closed by a curtain. When a block from where the accident happened, he was obliged to turn on the track of defendant to get around a vehicle standing in the roadway. As he did so his wife, sitting on the seat with him, leaned out of the wagon to see if a car was coming, and did so again while still on the track, when within half a block of the scene of the accident, and neither time saw a car. The horse was trotting slowly on the track, when a car struck the wagon from behind, causing injuries from which the driver died. *Held* sufficient to warrant the jury in finding that he was not guilty of contributory negligence, since they might properly conclude that the vigilance of the wife of deceased was known to him.

2. SAME—EVIDENCE—BURDEN OF PROOF.

Where plaintiff had shown that deceased was compelled to drive on defendant's track within a block of the place of the accident, to get around a vehicle in the roadway, and while driving thereon his wagon was struck by a car, causing injuries from which he died; that the wagon was covered with a curtain closing the rear, compelling deceased's wife to lean out to look for a car, which she did, in the presence of deceased; that these things were done in the daytime, and under circumstances which would justify a reliance on the duty of defendant's servant, in the exercise of reasonable care, to see the wagon and give warning, he had fully sustained the burden of proof.

3. APPEAL—INSTRUCTIONS—EXCEPTIONS—NECESSITY—CERTAINTY.
   Where, in an action for death caused by collision with a street car,
   defendant excepted to an instruction, and plaintiff requested a further
   charge on that subject, modifying the first, and the court modified it, but
   said he thought it meant the same, to which defendant excepted without
   specifying whether the exception was to the modification or the remarks
   of the court, the question is not available on appeal.

4. SAME—DEATH—CAUSE—VERDICT—CONFLICTING EVIDENCE.
   Where, in an action to recover for a death alleged to have been caused
   by injuries received in a collision with a street car, there was no evidence
   of any other wrong or misconduct than defendant's intervening between
   the accident and the death of plaintiff's intestate, and the evidence, though
   conflicting, was sufficient to support the finding that death resulted from
   the accident which produced the wound whose poisonous discharges through
   the blood caused the disease producing death, such finding will not be
   disturbed.

5. DEATH—DAMAGES—EVIDENCE.
   In an action under Code Civ. Proc. § 1902, giving a right of action to the
   administrator for negligence causing death, evidence is admissible to show
   the earning capacity of deceased, and the extent to which he contributed
   to the support of his family, to show the loss suffered by his death.
   Hirschberg, J., dissenting.

Appeal from trial term, Kings county.

Action by Frederick Seifter, as administrator of Pincus Seifter, deceased, against the Brooklyn Heights Railroad Company to recover for the death of deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

See 65 N. Y. Supp. 1123.

Argued before GOODRICH, P. J., and WOODWARD HIRSCHBERG, and JENKS, JJ.

Percy S. Dudley, for appellant.
Charles J. Patterson, for respondent.

WOODWARD, J. This action was brought under the provisions of section 1902 of the Code of Civil Procedure to recover damages for the death of Pincus Seifter, a man about 45 years of age, who is alleged to have been injured by the defendant's negligence in the operation of its street surface railroad. The plaintiff alleges, in addition to the formal averments, that the defendant operated its street surface railroad by electricity through and along Myrtle avenue, a public highway in the city of Brooklyn; that on the 19th day of December, 1894, said Pincus Seifter, deceased, was lawfully driving a business wagon drawn by one horse, which were his property, along said avenue, near the intersection of Washington avenue, in said city, and at the same time a car, belonging to the defendant, in charge of its servant, was also passing along said avenue immediately behind the wagon which said deceased was driving; that the said servant was negligent and careless in the management and control of said car, and drove same with great force into said wagon, throwing said deceased to the ground, and fracturing his leg, and bruising and injuring his leg, thigh, and body, and internally, and making him ill, and causing him great pain, from the effect of which injuries said Pincus Seifter died on May 2, 1895. Upon the trial proof was directed to the establishing of these facts, with the other

necessary facts in an action of this character, and, on the issues being submitted to the jury, a verdict for the plaintiff was rendered, on which the judgment appealed from was entered.

On this appeal the defendant urges that the plaintiff failed to sustain the burden of proof upon the issue of a lack of contributory negligence on the part of the deceased, relying particularly upon the case of Johnson v. Railroad Co., 34 App. Div. 271, 54 N. Y. Supp. 547. In the case at bar the plaintiff showed that Mr. Seifter had been driving his horse, attached to a covered business wagon, the rear end of which was closed by a curtain, along Myrtle avenue, at the side of the track; that when within a block of the point where the accident occurred the deceased was obliged to turn upon the track of the defendant, for the purpose of getting around a vehicle which had been left standing in the roadway; that, immediately after turning upon the track, Mrs. Seifter, who was riding on the seat with the deceased, leaned over and looked out of the left side of the wagon to the rear, for the purpose of ascertaining whether a car was coming, but that she saw none; that the horse was trotting slowly, and when within half a block of the place of the accident that Mrs. Seifter again looked back, and that no car was in sight. When the wagon had been running in the car track about one block it was struck from the rear, and the deceased was thrown out, sustaining the injuries complained of. This all occurred in broad daylight, upon a street which is much traveled, and in a position where the defendant's servant, in the exercise of reasonable care, could not have failed to see the wagon in time to have given warning of the approach of the car, and, if necessary, to have stopped it. In view of the fact that the wagon was so constructed that it was necessary for Mrs. Seifter to lean out in order to look back; that she did lean out and look back twice during the time that the wagon was on the track; and that this was done in the presence of the deceased, who sat upon the same seat with her,—we are of the opinion that the jury, viewing the proved facts in the light of their common experience, might properly conclude that the vigilance of Mrs. Seifter was known to the deceased, and that, under the circumstances and surroundings under which he had entered upon the track of the defendant, he had not been guilty of negligence contributing to the accident. There is no law which compels the deceased to look and listen before entering upon the tracks of the defendant as a condition of the right to recover. The question is simply whether he exercised reasonable care in driving upon the tracks, and evidence that he looked and listened would be evidence of the exercise of care. It is not, however, the only evidence which is admissible, and upon which the jury may properly pass. Any evidence of reasonable care on the part of the deceased, any evidence of facts and circumstances which make it reasonably certain that the deceased was exercising the care and prudence which a reasonably careful and prudent man would or should exercise under the same circumstances, is sufficient to carry the case to the jury, and the plaintiff, by showing the conditions under which the deceased drove upon the track, the situation which made it necessary for Mrs. Seifter to lean out in order to make ob-

servations to the rear, and that this was actually done in the immediate presence of the deceased, at a time of day and under circumstances which would justify at least some reliance upon the duty of defendant's servant, in the exercise of reasonable care, to see the wagon, and to give warning of the approach of the car, has fully sustained the burden of proof. The Johnson Case, supra, went as far as it is proper to go in the direction of relieving the defendant from responsibility, and the rule of that case should not be extended to protect corporations operating street surface railroads, in disregarding the rights of others in the highways. In the Johnson Case the evidence showed that the plaintiff had been driving upon the track for a mile or more; that he had not once looked behind him; that it was on a dark night, in a rural district, with no lights within a reasonable distance of the tracks, and the circumstances were such that the motorman, in the exercise of reasonable care, might not have been able to see the plaintiff's wagon in time to give warning or to stop the car. The plaintiff was familiar with the road and with the method of operating the cars, and the evidence disclosed no fact from which it could be reasonably inferred that he had exercised any degree of care, and the theory of the case appeared to be that the plaintiff had a right to rely upon the defendant giving warning of the approach of a car. We went no further than to hold that "the danger was known and obvious, and, while the defendant owed the plaintiff the duty of using reasonable care in the operation of its cars to prevent the collision, the plaintiff could not enter upon the tracks of the defendant, and rely wholly upon the defendant's servants seeing him in time to give warning." This stated the law of that case under the facts developed on the trial, but it did not commit this court to the doctrine urged in the case at bar.

It is urged, likewise, upon this point, that the learned trial court erred in charging the jury. It was stated in the charge, in speaking of the fact that it was claimed that the plaintiff was not in a position to have made an observation of the approach of the car, that, "if he could not have observed the approach of the car, then he was under no legal requirement to make the observation." Defendant's counsel said: "I wish to call your honor's attention, by way of exception, to your statement in speaking of Mr. Seifter driving a wagon. Your honor said that, if he could not see the approach of the car, the law did not throw upon him the obligation. I except to that." Plaintiff's counsel then asked the court to charge upon that subject "that the question for the jury is whether the deceased, by the use of reasonable diligence on his part, ought to have become cognizant of the approach of the car in time to have avoided the collision." To this the court responded: "Very well; I will modify it in that way, although I think it is the same in substance." Counsel for defendant excepted to this remark of the court, but whether to the modification suggested by the plaintiff's counsel, in which the court acquiesced, or to that portion of the remark in which the court expressed the opinion that the charge "is the same in substance" as had already been charged, does not appear. There was clearly no reason for excepting to the modification suggested and acquiesced in

by the court, and, counsel having neglected to call the attention of the trial court to the particular portion of the remark to which exception was taken, we are of opinion that the question is not available on this appeal. If defendant's counsel had believed that the incidental remark of the court that the modification suggested was, in substance, the same as the original charge, was prejudicial to his client, he should have called attention to the matter at that time, pointing out the portion to which exception was taken. The charge generally stated the law correctly, and, with the modification accepted by the court, there is no reason to believe that the jury went out with any confused idea of the law. Zingrebe v. Railway Co., 44 App. Div. 577, 579, 60 N. Y. Supp. 913.

There was a conflict of evidence as to the cause of death, based upon expert evidence, and involving the germ theory; it being contended on the part of the plaintiff that death resulted from the injury to the leg of the deceased, followed by disorganized material at the seat of the fracture, which was taken up by the blood, and carried through the system by successive stages, manifesting itself in the thigh and groin, and finally resulting in carrying septic material into the lungs, producing pneumonia, from which the patient died. Without following counsel through a scientific discussion of the germ theory, it is sufficient to say that the evidence disclosed no other wrong or misconduct than that of the defendant intervening between the accident and the death of plaintiff's intestate, and that the evidence is sufficient to support the finding of the jury that death resulted from the accident which produced the wound whose poisonous discharges through the blood caused the disease which eventually produced death. Ginna v. Railroad Co., 8 Hun, 494, 501.

This action has for its object the recovery of the pecuniary damages suffered by the next of kin of the deceased, and it was clearly competent, as bearing upon this question, that the plaintiff should show the earning capacity of the deceased, and the extent to which he contributed to the support of his family. The evidence showed that the income of the deceased was derived from his own labor, without the investment of capital, in any proper sense, and, while it appears that he had the assistance of a few other men, there is no reason for believing that his individual earning capacity was materially increased by this fact. The nature of the action warranted the admission of the evidence, for without it there would be little on which to base an estimate of the pecuniary loss which the next of kin would suffer by reason of the death of the deceased. We have examined the other questions presented, but do not find reversible error, and conclude that the judgment is not excessive, but is warranted by the evidence.

The judgment and order appealed from should be affirmed, with costs. All concur, except HIRSCHBERG, J., who dissents.