by section 33 thereof such a warrant as was here issued was proper. This act, however, was repealed upon the enactment of the Code (Laws 1880, c. 245, § 1, subd. 9). The warrant of attachment, having no proper foundation, was issued without jurisdiction, and was void, and accordingly it follows that no property of defendant could have been duly attached by virtue of it. Kingsford v. Butler, 71 Hun, 598, 24 N. Y. Supp. 1094. The necessity of personal service was not, therefore, dispensed with, and the judgment herein entered was without jurisdiction, and void, and must be reversed, with costs. All concur.

---

(34 Misc. Rep. 186.)

COHEN et al. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.  February 25, 1901.)

1. STREET CARS AND VEHICLES—RELATIVE RIGHTS IN STREET.
    A driver in a city street has a right to expect that street cars will be managed with reasonable care and a proper regard for the rights of others lawfully using the street, and he may drive along the track in full view of a car approaching from the rear, and the fact that he so proceeds for any distance will not charge him with contributory negligence in case of a collision, if, under all the circumstances, his conduct was consistent with ordinary prudence; the only limitation on his right being that he must not unnecessarily interfere with the passage of the car, which, though entitled to preference, has not an exclusive right to the track.

2. SAME—COLLISION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    Plaintiff's horse and wagon were being driven along a populous city street in front of an approaching electric street car, the wagon being covered so that it was difficult for the driver to look behind it; and just as he reached an intersecting street into which he was turning, after the car had followed him for upward of two blocks, and when the horse and most of the wagon were off the track, a collision occurred. Held, that it was for the jury to say whether he was negligent in not looking towards the rear before making the turn.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Nathan H. Cohen and another against the Metropolitan Street-Railway Company. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Abraham I. Spiro, for appellants.
Henry A. Robinson (G. Glenn Worden, of counsel), for respondent.

O'GORMAN, J.  On the trial the complaint was dismissed at the close of the plaintiffs' case, and the defendant seeks to justify the ruling of the trial justice by the contention that "the plaintiffs, in entering upon the defendant's tracks and driving thereon for a distance of two blocks, or over four hundred feet, were guilty of such contributory negligence as to entirely preclude a recovery for the damages sustained." This is not the law. A driver of a vehicle in a city street has a right to expect that street cars will be managed with reasonable care, and with a proper regard for the rights of oth-

ers lawfully using the public thoroughfare; and I apprehend that the true rule is that a driver of a wagon in a city street may drive along the track in full view of an approaching car, and that the fact that he so proceeds for 400 feet or any other distance will not charge him with contributory negligence, if, under all the circumstances, his conduct is consistent with ordinary prudence. The only limitation of the driver's right is that he must not unnecessarily interfere with the passage of the car, which, although entitled to a preference, does not possess the exclusive right to the use of the tracks. It cannot be held, in the situation disclosed by the record, that it was negligence per se for the driver to fail to look behind for an approaching car. This accident occurred in a populous city street in the daytime. The plaintiffs' horse and wagon were lawfully upon the street. The wagon was covered on the sides and rear. It was very difficult for the driver to look to the rear. He had just reached the intersecting street, into which he was turning from the track. At the time of the collision the horse and the greater part of the wagon were off the track. While turning out of the track the driver was required to exercise reasonable care, and he had a right to assume that those in charge of the defendant's car would employ the like degree of care to avoid injuring him. As both were approaching a street crossing, the motorman, if he was looking ahead, as he was especially required to do at such a time, could not fail to note the presence of the wagon, while the driver of the wagon at the same time was required to be vigilant in observing the crosswalk, where he should anticipate the presence of pedestrians. Under these conditions it was peculiarly a question of fact as to whether reasonable care required the driver to look towards the rear or do anything else before he proceeded to turn out of the track. The dismissal of the complaint was therefore erroneous, and requires a reversal of the judgment. The cases cited are easily distinguishable. In Johnson v. Railway Co., 34 App. Div. 271, 54 N. Y. Supp. 547, an exceptional situation was presented, entirely different from the facts in the case before us. There the collision occurred on a dark night in a rural district, at a point where the plaintiff could not expect that his presence would be anticipated or discovered by defendant's employés; and all that was there decided was that the danger was known and obvious, and consequently subjected the plaintiff to the imputation of contributory negligence. The same court quite recently decided that "the rule in that case should not be extended to protect corporations operating street railroads in disregarding the rights of others in the highway." Seifter v. Railway Co. (Sup.) 66 N. Y. Supp. 1107. In Adolph v. Railway Co., 76 N. Y. 530, three of the justices concurred in the result only, and the doctrine of that case has been materially modified by subsequent decisions of the court that pronounced it. Fleckenstein v. Railway Co., 105 N. Y. 655, 11 N. E. 951; Fishback v. Railway Co., 11 App. Div. 152, 42 N. Y. Supp. 883; Devine v. Railway Co., 34 App. Div. 248, 54 N. Y. Supp. 626; Bernhard v. Railway Co., 68 Hun, 371, 22 N. Y. Supp. 821. The conclusion in Hill v. Railway Co., 30 Misc. Rep. 440, 62 N. Y. Supp. 596, was based entirely upon the authority of Adolph v. Railway Co., supra; and the later decisions limiting the doctrine of that

case do not seem to have been called to the attention of the learned justice writing the opinion in the case cited.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.