NATHAN H. COHEN et al., Appellants, *v.* THE METROPOLITAN STREET RAILWAY Co., Respondent.

(Supreme Court, Appellate Term, February, 1901.)

Negligence — Rear collision while a driver was turning off a street car track and into a cross-street.

> Proof that, as the plaintiff, after driving for some distance upon a street car track during daylight in a populous city street and in a wagon covered on the sides and in the rear, was turning into a cross-street and had nearly cleared the track, his wagon was struck from behind by a motor car, does not justify a dismissal of the complaint against the corporation operating the car, as the plaintiff had a right to drive on the car track provided he exercised ordinary prudence and was not negligent *per se* if he failed to look behind him from a covered wagon and while turning into a cross-street.

APPEAL from a judgment of the Municipal Court of the city of New York, fifth district, borough of Manhattan, in favor of the defendant.

Abraham I. Spiro, for appellants.

Henry A. Robinson (G. Glenn Worden, of counsel), for respondent.

O'GORMAN, J.   On the trial, the complaint was dismissed at the close of the plaintiffs' case, and the defendant seeks to justify the ruling of the trial justice by the contention that " the plaintiffs in entering upon the defendant's tracks and driving thereon for a distance of two blocks for over four hundred feet were guilty of such contributory negligence as to entirely preclude a recovery for the damages sustained." This is not the law. A driver of a vehicle in a city street has a right to expect that street cars will be managed with reasonable care and with a proper regard for the rights of others lawfully using the public thoroughfare, and I apprehend that the true rule is, that a driver of a wagon in a city street may drive along the track in full view of an approaching car, and that the fact, that he so proceeds for four hundred

feet or any other distance, will not charge him with contributory negligence, if, under all the circumstances, his conduct is consistent with ordinary prudence. The only limitation of the driver's right is that he must not unnecessarily interfere with the passage of the car, which, although entitled to a preference, does not possess the exclusive right to the use of the tracks. It cannot be held, in the situation disclosed by the record, that it was negligence *per se* for the driver to fail to look behind for an approaching car.

This accident occurred in a populous city street in the daytime. The plaintiffs' horse and wagon were lawfully upon the street. The wagon was covered on the sides and rear. It was very difficult for the driver to look to the rear. He had just reached the intersecting street into which he was turning from the track. At the time of the collision the horse and the greater part of the wagon were off the track, while turning out of the track, the driver was required to exercise reasonable care, and he had a right to assume that those in charge of the defendant's car would employ the like degree of care to avoid injuring him. As both were approaching a street crossing, the motorman, if he was looking ahead, as he was especially required to do at such a time, could not fail to notice the presence of the wagon, while the driver of the wagon at the same time was required to be vigilant in observing the crosswalk where he should anticipate the presence of pedestrians. Under these conditions it was peculiarly a question of fact as to whether reasonable care required the driver to look towards the rear or do anything else before he proceeded to turn out of the track. The dismissal of the complaint was, therefore, erroneous, and requires a reversal of the judgment. The cases cited are easily distinguishable. In Johnson v. Brooklyn Heights R. R. Co., 34 App. Div. 271, an exceptional situation was presented entirely different from the facts in the case before us. There the collision occurred on a dark night in a rural district at a point where the plaintiff could not expect that his presence would be anticipated or discovered by defendant's employees, and all that was there decided was that the danger was known and obvious, and consequently subjected the plaintiff to the imputation of contributory negligence. The same court quite recently decided that " the rule of that case should not be extended to protect corporations operating street surface railroads in disre-

garding the rights of others in the highways." Seifter v. Brooklyn Heights R. R. Co., 55 App. Div. 10; 66 N. Y. Supp. 1107. In Adolph v. C. P., N. & E. R. R. Co., 76 N. Y. 530, three of the justices concurred in the result only, and the doctrine of that case has been materially modified by subsequent decisions of the court that pronounced it. Fleckentsein v. Dry Dock, E. B. & B. R. R. Co., 105 N. Y. 655; Fishback v. Steinway R. Co., 11 App. Div. 152; Devine v. Brooklyn Heights R. R. Co., 34 id. 248; Bernhard v. Rochester R. R. Co., 68 Hun, 371. The conclusion in Hill v. Metropolitan St. R. Co., 30 Misc. Rep. 440, was based entirely upon the authority of Adolph v. C. P., N. & E. R. R. Co., *supra,* and the latter decisions limiting the doctrine of that case do not seem to have been called to the attention of the learned justice writing the opinion in the case cited.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.

ANDREWS, P. J., and BLANCHARD, J., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide event.