## WATSON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. STREET RAILWAYS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE.

The driver of a covered wagon stopped it when it was nearly dark, without a light, on a street car track, waiting for a train to pass, remaining, without any precautionary measures, for two or three minutes, till struck by a street car from the rear. *Held*, that he was guilty of contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Catherine Watson against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (A. K. Wing and Wm. E. Weaver, of counsel), for appellant.

Sanders & Feltenstein, for respondent.

FREEDMAN, P. J. Plaintiff brought this action to recover damages to her horse and wagon, occasioned by being run into by one of defendant's cars. No defense was interposed by the defendant, and the testimony may be said to be sufficient to show that the defendant was guilty of negligence; so that the only question to be determined is as to the contributory negligence of plaintiff's driver who was in charge of the wagon at the time of the accident. The collision occurred at the corner of Twenty-Fourth street and Eleventh avenue on December 9, 1902, at about 20 minutes before 6 p. m. It was getting dark at this time, and the driver had a covered wagon with the back cover up. He entered Thirty-Fourth street at Tenth avenue, and drove west on the north track of defendant's road until he reached Eleventh avenue. A steam road—the Hudson River Railroad—runs through Eleventh avenue. As he reached Eleventh avenue, the flagman stationed there came out of his house, and put up his hand as a signal for the driver to stop. He stopped to allow a freight train to pass. He testifies that when he stopped he looked behind him, and saw no car. He allowed his horse and wagon to remain upon the defendant's north-bound track until a car from behind struck him, and, as at this time the freight engine had reached a point opposite him, forced his horse and wagon against the locomotive, causing the injuries sued for. It appears that at the time the driver stopped his wagon upon the defendant's tracks the engine was some distance south of a point directly opposite him, and that he remained in his position for, as he says, "I judge it was about two or three minutes, because the thing was sliding and puffing away— the wheels would slide before it could get away with the big freight." He had no light upon his wagon, and he gives no reason for entering and remaining upon the defendant's tracks. He seemingly without reason, and without looking for an approaching car from the rear, voluntarily remained in a perilous position for two or three minutes

until struck. Respondent's attorney states in his brief that "the noise produced by the puffing of the steam would naturally prevent, by reason of the engine's close proximity, the sound of the approaching car being heard." This, instead of being a justification for the driver in occupying this hazardous position, would require from him a greater exercise of vigilance to avoid approximate danger. The facts in the case are materially different from those in the case of Schilling v. Met. St. Ry. Co., 47 App. Div. 500, 62 N. Y. Supp. 403, relied upon by the respondent. In the latter case the plaintiff entered upon a street in "broad daylight," and drove a single block, when he was struck by a car from behind; and the court held that it could not be said, as a matter of law, that he was guilty of contributory negligence. In the case at bar the driver of a wagon after dark, or when it was nearly dark, without a light, steps upon the car tracks, retaining a position presumably known to be dangerous, when a passing train creates such a noise as to render him unable to hear an approaching car; remaining there, without looking or taking any precautionary measures of safety, for two or three minutes, and until run down.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.