warrant evidence of its existence, and in further consideration of the question the court says:

"If the mortgage or a deed had been given to the husband by the wife, much slighter circumstances would invalidate it. Courts will watch carefully that the husband do not, by his marital control and influence, secure to himself his wife's property. In such case undue influence alone may suffice to set aside the transfer."

In Rexford v. Rexford, 7 Lans. 6, the threat relied upon was that if the plaintiff (the wife) did not sign a deed releasing her dower right in certain property she should not live with her husband in peace, which was held not of sufficient gravity to constitute legal duress. In Lynch v. Lauer, 14 Misc. Rep. 252, 35 N. Y. Supp. 715, the threat was by a landlord to evict a tenant who, nevertheless, remained in possession of the demised premises and paid rent for three years thereafter, and it was held that it was too late for the tenant to take advantage of such alleged wrongs; and in Martin v. New Rochelle Water Co., 11 App. Div. 177, 42 N. Y. Supp. 893, the familiar rule was adhered to that a threat to enforce a legal right did not constitute duress.

In the case at bar the defendant threatened to sue the plaintiff for $2,500 (there is no pretense that she owed him such a sum), that he would cause others to sue her for slander and other causes of action, that she would not live to see the inside of her completed opera house, that she would be found dead, that he would stop the work on the opera house in which her money was largely invested, that he would smash everything and would ruin the whole business, and that she would lose all of her property in the threatened litigations, and would not have a cent left, and would be working at the washtub, without a rag to her back. These and other acts and threats established such a wrongful and undue influence exerted over the plaintiff, controlling her action, as justified the court in directing the judgment from which this appeal is taken.

While some of the findings of fact are without evidence to sustain them, they are immaterial, do not change the result, and the exceptions do not present reversible error.

The judgment must be affirmed, with costs. All concur.

---

PALADINO v. STATEN ISLAND MIDLAND RY. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

   One suing a street railway company for injuries in a collision with a street car while driving along the track must, to recover, present evidence from which it is proper to infer that he exercised reasonable care for his own safety.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 228.]

2. SAME.

   One familiar with the operation of cars in a street drove his team on one of the parallel tracks at a place where the street was wide enough to permit a wagon to pass on either side of the tracks. He drove along the

track, without making any effort to ascertain whether a car was approaching. There was no evidence that it was necessary for him to occupy the track. *Held* insufficient as a matter of law to show freedom from contributory negligence essential to a recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 255.]

3. SAME.

One driving along a street railway track in a street sufficiently wide to permit a wagon to pass on either side of the tracks must exercise reasonable care, and use his opportunities for looking and listening for the approach of a car, and he cannot rely wholly on the motorman giving him warning of his approach, since the motorman is not bound to presume that persons will drive on the track without exercising some degree of care, and since he has the right to assume that the right of way will not be blocked, and that one driving on the track will leave it in time to avoid a collision.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 210–216.]

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by James Paladino against the Staten Island Midland Railway Company. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed.

See 110 N. Y. Supp. 621.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frank H. Innes, for appellant.
Arnold J. B. Wedemeyer, for respondent.

WOODWARD, J.  The evidence in this case is not sufficient to sustain the judgment for damages for personal injuries sustained by the plaintiff, for the reason that there is absolutely no evidence of the exercise of any degree of care on the part of the plaintiff.  The defendant operates a double-track surface railroad on Montgomery avenue, in the borough of Richmond, and the plaintiff in this action had at one time been employed by the defendant as a conductor upon this line, so that he was thoroughly familiar with the method of operating the cars.  At the time of the accident the plaintiff was employed as a driver upon a covered wagon, and his own testimony is to the effect that he was driving his team in one of the defendant's tracks; that at the point where the accident occurred there is quite a steep hill, and that he had been driving in the track from the point where the tracks entered Montgomery avenue; that he first discovered that he was in danger when some one "hollered" to him; that he looked around and found the car within 10 or 15 feet of him; that he tried to drive out of the track; and that before he could get out the car hit the rear wheel of his wagon, the result being the slight injuries of which he complains.  It may be gathered from the evidence that the defendant's lines enter Montgomery avenue through a private cut, upon a curve, and that this curve is at the brow of the hill.

There is absolutely no evidence that the plaintiff made any effort to ascertain whether a car was coming or not before he entered upon the track; no evidence that during the time that he was driving on the

track he took any pains to discover whether he was in danger or not; and the theory of the plaintiff seems to be that, because he did not hear the motorman ringing his gong, he had a right to occupy the tracks for driving without the exercise of any care to protect himself, though he knew the cars were being operated there, that there was a steep grade, and that cars are not easily controlled upon such a grade. The street was wide enough to permit a wagon to pass on either side of the tracks, and, although there was some evidence that there were teams on either side at or near the point of the accident, there was no evidence that the other track was obstructed, or that there was any necessity for the plaintiff to occupy the position in front of this car. The accident did not occur at a street intersection, where the motor- man was bound to have his car under control, and the evidence in this case is overwhelming that the motorman began ringing his gong as soon as he entered Montgomery avenue, and that he continued to ring it, and finally called to the plaintiff, in an effort to have him clear the track. The evidence is uncontradicted that the motorman applied his brakes vigorously in an effort to stop the car on this steep grade, and there was no evidence in the case to show that he might, in the ex- ercise of reasonable care, have brought the car to a stop in time to have avoided the accident after it became apparent that the plaintiff did not intend to yield the right of way.

Whatever might be said of the question of the defendant's negli- gence, we are clear that the case does not present evidence from which it is proper to infer that the plaintiff exercised reasonable care for his own safety, and this, to constitute a justification for damages, must affirmatively appear. The plaintiff could not enter upon the defend- ant's tracks under the circumstances here disclosed, paying no at- tention whatever to the rights of the latter or to his own safety, and impose upon the defendant the duty of saving him free from all dam- ages. He owed the duty of reasonable care—the duty of using his opportunities for looking and listening for the approach of a car. He could not rely wholly upon the motorman to give him warning of his approach; for, while the motorman should use reasonable care to avoid accidents, he is not bound to presume that persons will drive upon the track without exercising some degree of care, and his duty is only to do what ordinarily prudent people would do under the circumstances. The motorman had a right to assume that the right of way would not be blocked, and that the plaintiff would drive off in time to leave the way clear; and the evidence in this case clearly shows that the motorman did more than this. He began ringing his gong as soon as he came within sight of the plaintiff's wagon, and, while the plaintiff and some of his witnesses say they did not hear the gong, the evidence is conclusive that it was rung. This case comes squarely within the principle laid down by this court in Johnson v. Brooklyn Heights R. R. Co., 34 App. Div. 271, 54 N. Y. Supp. 547, and the judg- ment should not be permitted to stand.

The judgment appealed from should be reversed, with costs.

Judgment of Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.