J. Irwin Shapiro, J.
In this negligence death action the jury found for the plaintiff in the sum of $175,000 to which, by stipulation, was added $1,500, the conceded amount of the property damage, making a total verdict of $176,500. The motion to set tite verdict aside under section 549 of the Civil Practice Act was forthwith denied as to every ground urged except excessiveness. Upon that single issue, the court reserved decision.
The decedent had just gone into Ms own milk business, having previously earned $7,500 a year, and he was contributing at least $100 a week for the maintenance of Ms household. He was 30 years of age and left Mm surviving a widow, 31 years of age (with a life expectancy of about 35 years) and three children, a daughter 6 years of age, another daughter 4 years of age, and an unborn son now 2 years of age.
In arriving at the verdict of $175,000 the jury was entitled to consider the deceased’s working habits, the amount contributed *675 by him for the support of his family, and the loss to his survivors of his guidance, advice and care. (Tilley v. Hudson Riv. R. R. Co., 24 N. Y. 471; Beecher v. Long Is. R. R. Co., 53 App. Div. 324; Sternfels v. Metropolitan Street Ry. Co., 73 App. Div. 494, affd. 174 N. Y. 512; Seifter v. Brooklyn Hgts. R. R. Co., 55 App. Div. 10, revd. on other grounds 169 N. Y. 254.)
The jury also had a right in coming to a proper evaluation of the loss sustained by the decedent’s next of kin to consider the constant erosion in the value of the dollar and the present and ever upward spiraling cost of living (Neddo v. State of New York, 194 Misc. 379, affd. 275 App. Div. 492, affd. 300 N. Y. 533; Countryman v. Fonda, Johnstown & Gloversville R. R. Co., 166 N. Y. 201), the decedent’s present position and his potential advancement in life and increased earning capacity (Freeman v. Manhattan Cab Co., 1 Misc 2d 601; Briscoe v. United States, 65 F. 2d 404).
So, too, the jury had a right to consider the deceased’s and his widow’s life expectancies as evidenced by the mortality tables, although of course they were not limited or bound thereby (O’Toole v. United States, 242 F. 2d 308), as well as the length of his work expectancy.
Taking all of the above factors into consideration, and recognizing “ that there is no mathematical formula for computing damages in a case of this kind and [that] the inquiry of the jury in this field necessarily requires some degree of speculation ’ ’ (Walther v. News Syndicate Co., 276 App. Div. 169, 177) and giving due weight to the fact that the courts in this State have increasingly recognized the greater and greater dollar value of a human life (Rothman v. Estate of Rosenberg, 4 A D 2d 933, affd. 4 N Y 2d 969 — $228,500 between two plaintiffs; United States Fid. & Guar. v. Hotkins, 8 Misc 2d 296 — $200,000; Neddo v. State of New York, 300 N. Y. 533 — $137,566.74), I cannot hold that $175,000 is either excessive in fact or as a matter of law.
Even if the verdict in this case were higher than I would award if I were the trier of the facts, and it is not, I still would be constrained to adhere to the views expressed by me in Maceda v. Ellis Chingos Constr. Corp. (22 Misc 2d 269, 274), in which I said: ‘ ‘ The rule is that where the difference between the Trial Justice and the jury is that of two reasonable minds arriving at different conclusions, and reasonable minds could draw different reasonable inferences from the proof, the verdict of a jury in fixing unliquidated damages should not be disturbed.”
The motion to set the verdict aside as excessive is therefore denied.
*676 After making the above determination I held a number of conferences with both parties as a result of which a stipulation of settlement was dictated into the record by the court.
Settle order denying the motion to set the verdict aside and incorporating the provisions of the settlement.